T. Jason Wood, Esq. [ISB No. 5016]
WOOD LAW GROUP, PC
1488 Midway Avenue
Idaho Falls, ID  83406
Telephone: (208) 497-0400
Fax: (208) 932-4380
Email: jason@woodlaw.net

*Attorneys for Plaintiffs*

IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL A. JACKMAN,<br><br>          Plaintiff,<br><br>v.<br><br>CITY OF POCATELLO, ROGER SCHEI, KEVIN NIELSEN, and JOHN DOES I-X,<br><br>          Defendants. | Case No. 1:21-cv-379<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff MICHAEL A. JACKMAN, for cause of action against the above-named defendants, alleges as follows:

1. This is an action for money damages and declaratory and injunctive relief arising under 42 U.S.C. §1983, for the defendants' violation the First, Fourth and Fourteenth Amendments to the United States Constitution.

2. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §§1343(a)(3) and 1343(a)(4).

3. Venue is proper under 28 U.S.C. § 1391(b).

4. Plaintiff is, and at all times material hereto was, a resident of Pocatello, Bannock County, Idaho.

5. Defendant City of Pocatello is, and at all times material hereto was, a political subdivision of the State of Idaho acting pursuant to its official, established policies, procedures, and practices, and under color of Idaho law.

6. Defendant Roger Schei is, and at all times material hereto was, the duly appointed Chief of Police of the Pocatello Police Department, acting in his official and individual capacities within the course and scope of his office pursuant to the City of Pocatello's established policies, procedures, and practices.

7. Defendant Schei had final policy-making authority for the City of Pocatello regarding matters of law enforcement.

8. Defendant Kevin Nielsen is, and at all times material hereto was, employed as a police officer for the City of Pocatello, acting in his individual capacity within the course and scope of his employment with the City of Pocatello and pursuant to its established policies, procedures, and practices.

9. Defendants John Does I-X are duly appointed officials, officers, agents, and/or employees of the City of Pocatello who had final policy-making authority for the City of Pocatello regarding matters of law enforcement, who were delegated such authority by the City of Pocatello or by defendant Schei, and/or who participated in the arrest of and/or use of force against Plaintiff Michael A. Jackman.

10. On or about September 22, 2019, Plaintiff was lawfully walking with a woman acquaintance in Sacajewea Park within the Pocatello City limits when defendant Nielsen, who was on bicycle patrol in the park, suddenly, and without warning or provocation, rammed his bicycle into Plaintiff from behind at a high rate of speed, almost knocking Plaintiff down.

11. As Plaintiff was attempting to regain his balance and recover from the shock and pain of the incident, Nielsen began to aggressively question the woman with whom Plaintiff was walking, demanding to know from her "Is this your new boy?!"

12. When Plaintiff protested Nielson's unprovoked, aggressive treatment of the woman, Nielsen abruptly shoved Plaintiff in the chest, hurtling him to the ground on his back.

13. Plaintiff arose and demanded to know why Nielsen did this to him, and protesting that Nielsen had no right to knock people down for no reason at all.

14. In response, Nielsen violently grabbed and twisted Plaintiff's wrists and arm, twisted them behind his back, and began smashing Plaintiff into the metal railing on the nearby bridge, pulled a gun and aimed it at Plaintiff, and ordered Plaintiff onto the ground on his stomach.

15. Plaintiff complied and lay prone on his stomach, as Nielsen violently pressed his knee into Plaintiff's back, cuffed Plaintiff's wrists behind his back extremely tightly, spun him around, and stuck his fingers in the traditional form of a gun like he was pulling the trigger in Plaintiff's face and said "Boom! I gotcha didn't I!" and then literally dragged Plaintiff to his feet by the handcuffs, severely injuring Plaintiff's shoulder in the process and causing him excruciating pain.

16. In response to Plaintiff's complaints of the agonizing pain in his shoulder, Pocatello officers took him to the hospital for treatment and then to jail.

17. Nielsen's use of force against Plaintiff was unreasonable and excessive, in violation of Plaintiff's Fourth Amendment rights.

18. Nielsen then swore out an affidavit in which he maliciously and deliberately falsified, fabricated, and omitted material evidence regarding Plaintiff, with the purpose of punishing Plaintiff for his exercise of his First Amendment and other constitutional rights and of depriving Plaintiff of his liberty, which thereby caused Plaintiff to be arrested, jailed, charged, and prosecuted without probable cause.

19. Nielsen's arrest of Plaintiff was without probable cause but for "contempt of cop," i.e., in retaliation for Plaintiff's constitutionally protected protests and challenges against (a) Nielsen's asserted authority to so aggressively and baselessly interrogate his female acquaintance, and (b) Nielsen's asserted authority to use such excessive force against Plaintiff without any lawful justification whatsoever.

20. All criminal charges against Plaintiff were eventually dismissed, but not until Plaintiff was forced without cause or justification to spend days in jail and to pay thousands of dollars for a bail bond, attorney fees, and other costs necessary to secure his just release and acquittal.

21. The defendants' unlawful conduct as described above was performed under color of state law in violation of Plaintiff's clearly established rights guaranteed by the First, Fourth and Fourteenth Amendments to the United States Constitution.

22. The violations of Plaintiff's constitutional rights described above were proximately caused by defendants Schei's and City of Pocatello's adoption, implementation, and/or enforcement of official policy of the City of Pocatello, by their failure to properly train, control, and/or supervise

their officers appropriately, and/or by their ratification of the violations or delegation of authority to subordinates who caused the violations.

23. As a direct and proximate result of the defendants' unlawful conduct as alleged above, Plaintiff has incurred special and consequential damages in the form of thousands of dollars in posting a bond, hiring legal counsel to obtain a dismissal of the false charges against him, in other related court costs, and in past and future medical and related expenses for treatment of his physical, mental and emotional injuries, in such amounts to be proven at trial.

24. As a direct and proximate result of the defendants' unlawful conduct as alleged above, Plaintiff has suffered severe and irreparable physical, mental, and emotional injuries and impairments, pain, suffering, distress, anguish, embarrassment, and humiliation, in amounts to be proven at trial.

25. The defendants' unlawful misconduct as alleged above was malicious, wanton, oppressive, and/or in reckless disregard of Plaintiff's federally protected rights, for which Plaintiff is entitled to an award of punitive damages under 42 U.S.C. §1983.

26. Plaintiff is entitled to recover his reasonable attorney fees incurred in this matter pursuant to 28 U.S.C. §1988.

27. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays for the following judgment and relief against the defendants, jointly and severally, as follows:

1. For a judicial declaration that the defendants' act, omissions, and policies were in violation of Plaintiff's rights secured by the United States Constitution as alleged above.

2. For an award of special and consequential damages as alleged above, in such amounts to be proven at trial.

3. For an award of general damages as alleged above, in such amounts to be proven at trial.

4. For an award of punitive damages in such amounts to be proven at trial.

5. For an award of Plaintiff's reasonable attorney fees.

6. For an award of prejudgment interest.

7. For costs incurred in prosecuting this action.

8. For such further relief as this Court deems equitable and just.

DATED this 20th day of September, 2021.

WOOD LAW GROUP, PC

By: /s/
T. Jason Wood, Esq.